JAMES C. STURDEVANT (SBN 94551)
(jsturdevant@sturdevantlaw.com)
MONIQUE OLIVIER (SBN 190385)
(molivier@sturdevantlaw.com)
WHITNEY HUSTON (SBN 234863)
(whuston@sturdevantlaw.com)
THE STURDEVANT LAW FIRM
A Professional Corporation
354 Pine Street, Fourth Floor
San Francisco, CA 94104
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

JOHN CRONGEYER (*Pro Hac Vice* Application Pending)
(jcrongeyer@vclawfirm.com)
CRONGEYER LAW FIRM, P.C.
270 15th St. NE, Suite 303
Atlanta, GA 30309
Telephone: (404) 542-6205
Facsimile: (404) 872-3745

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**[San Jose Division]**

| | |
|---|---|
| KATHERINE E. DECKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HEWLETT PACKARD COMPANY and DOES 1-20,<br><br>Defendants. | CASE NO. CV 09 0295 PVT<br><br><u>CLASS ACTION</u><br><br>COMPLAINT FOR (1) VIOLATION OF CONSUMER LEGAL REMEDIES ACT; (2) DECEIT BY CONCEALMENT; (3) BREACH OF EXPRESS WARRANTY; (4) VIOLATION OF UNFAIR COMPETITION LAW<br><br><u>DEMAND FOR JURY TRIAL</u> |

COMPLAINT

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1332(d) in that it is a proposed class action in which the citizenship of at least one proposed class member is diverse from one of the Defendants and the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

2. Venue is based upon 28 U.S.C. § 1391(a) and is proper in the Northern District of California in that the Defendant Hewlett Packard Company ("HP") resides in Santa Clara County and is subject to personal jurisdiction in this District.

## INTRODUCTION

3. Plaintiff Katherine Decker files this Class Action Complaint against Defendant on behalf of herself and a class of similarly situated persons to challenge HP's unlawful, fraudulent, and unfair practices in the design, manufacture, advertisement, marketing, and sale of defective notebook, a/k/a laptop, computers.

4. As alleged more fully herein, HP has designed, manufactured, and sold defective laptop computers for both business and consumer use, and has made misrepresentations and concealed material information in the marketing, advertising, and sale of those computers.

5. Specifically, the HP laptops at issue in this Complaint ("HP Laptops"): (a) are improperly designed and inherently defective; (b) are not reliable for mobile computing as the internal Wireless Device is inherently defective making it impossible to detect and/or use wireless signals; (c) are not of merchantable quality; and (d) do not conform to HP's advertised and warranted performance specifications.

6. As alleged more fully herein, Plaintiff and the other members of the class as defined below ("Plaintiff Class") purchased or acquired one or more of the HP Laptops. HP represented and warranted that each of the HP Laptops was free from defects in materials and workmanship and conformed to the factory specifications in effect at the time the product was manufactured.

7. Plaintiff's HP Laptop, like thousands of other HP Laptops purchased by other consumer members of the Plaintiff Class, does not conform to HP's uniform representations and warranties and does not conform to HP's factory specifications.

8. Though faced with thousands of consumer complaints for its defective Wireless Device,

1  HP has systematically refused to warn or advise consumers about the common design and/or
2  manufacturing defects that exist in its Laptops.

3      9.    Further, during the period of time it has manufactured and sold HP Laptops, HP had
4  actual and constructive knowledge that the HP Laptops were incapable of performing in accordance with
5  the advertised and warranted specifications. HP also knew, and still knows, that consumers are not able
6  to use the HP Laptops for their intended purpose.

7      10.    Plaintiffs and the Plaintiff Class seek actual damages, punitive damages, restitution,
8  injunctive relief, costs and expenses of litigation, including attorneys' fees, and all further relief
9  available.

## PARTIES

11. Plaintiff Katherine E. Decker is an individual consumer who, at all times relevant to this action, has resided in Atlanta, Georgia.

12. Defendant Hewlett Packard Company ("HP") is a corporation organized and existing under and by virtue of the laws of the State of California. HP's principal place of business is 3000 Hanover Street, Palo Alto, California 94304-1185.

13. HP is responsible for the design, manufacture, distribution, marketing, advertisement, sale, and customer service of HP Laptops. HP regularly transacts business throughout California and throughout the United States.

14. Plaintiff does not currently know the true names and capacities of Defendants sued herein as Does 1-20, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes that each of the fictitiously named Defendants – including any such Defendants that may be agents, representatives, parents, subsidiaries or affiliated corporations of the named Defendant HP – are responsible in some manner for the occurrences, events, transactions, and injuries alleged herein, and that the damages suffered by the Plaintiff, and those Plaintiff represents, were proximately caused by said Defendants. Plaintiff will amend this Complaint to state the true names and capacities of the Doe Defendants when ascertained.

# FACTUAL ALLEGATIONS

### A. HP's Defective Products

15. HP is in the business of designing, manufacturing, distributing, marketing, advertising, and selling computers and computer related products. Among the products it designs, manufactures, and sells are portable notebook/laptop computers. HP has designed, manufactured, created, distributed, sold, marketed, and advertised a product line of portable notebook computers known as the HP Pavillion Series and the Compaq Presario notebooks, collectively referenced above and throughout this Complaint as "HP Laptops."

16. HP has designed, manufactured, and sold the following HP Laptops that are the subject of this lawsuit: HP Pavilion dv2000 Series, all models; HP Pavilion dv6000 Series, all models; HP Pavilion dv9000 Series, all models; HP Pavilion tx1000 Series, all models; Compaq Presario V3000 Series, all models; and the Compaq Presario V6000 Series, all models; and any other similar model laptop computers. Each of these HP Laptops suffers from the same or substantially similar defects.

17. HP has represented and warranted to Plaintiff and to all persons similarly situated that: "The HP Product and all of the internal components of the product that you have purchased or leased from HP are free from defects in materials and workmanship under normal use during the Limited Warranty Period" (hereafter, the "Express Warranty"). The Express Warranty was uniformly provided to Plaintiff by HP at the time of sale to purchasers of HP Laptops in all fifty states and the District of Columbia.

18. Each and every one of the HP Laptops includes a wireless card/device (hereafter, the "Wireless Device") for the purpose of detecting wireless networks and signals.

19. Contrary to HP's representations and warranties, the HP Laptops are not free from defects in material and workmanship. Instead, the HP Laptops fail to perform as intended when put to normal and expected use, and suffer from common defects including, but not limited to, the following: (a) the HP Laptops, generally within less than a year after purchase, do not detect wireless networks/signals and the wireless adapter is not detected in the Device Manager[1]; (b) the wireless switch

---

[1] The "Device Manager" is a Control Panel applet in Microsoft Windows operating systems. It allows users to view and control the hardware attached to the computer. When a piece of hardware is not

does not function; and (c) the wireless will not restore after shutting down or going into a sleep mode.

20. HP failed to adequately design, manufacture, and/or test the HP Laptops to ensure that these products were free from these defects. Before the HP Laptops entered the market, HP either knew, or was reckless in failing to know, that the HP Laptops: (a) failed at unacceptably high rates; (b) contained common design and/or manufacturing defects; and (c) were not of merchantable quality.

21. HP has known of the Wireless Device defects associated with its HP Laptops for several years. Despite this knowledge, HP has continued to market the defective HP Laptops, has not corrected the defects, has refused to cover the defects after the expiration of the Express Warranty (initial or extended), has concealed the truth about the defects during the Express Warranty period (initial or extended), and has misrepresented the existence and nature of the defects to its customers, including Plaintiff.

22. An inordinately high percentage of the subject HP Laptops cannot detect wireless networks through the internal Wireless Device, which detrimentally affects the utility of the computer.

23. In 2007, HP received a tremendous number of claims for defective Wireless Devices/adapters in its HP Laptops.

24. Instead of redesigning the defective parts or recalling the HP Laptops, HP offered a "Limited Warranty Service Enhancement."

25. The Limited Warranty Service Enhancement Program (hereafter referred to as "Limited Warranty Program") states in relevant part:

> HP has identified a hardware issue with certain HP Pavillion dv2000/dv6000/dv9000 and Compaq Presario V3000/V6000 series notebook PCs, and has also released a new BIOS for these notebook PCs . . . If you are experiencing one or more symptoms listed below . . . contact HP to determine whether your are eligible for a free repair . . . This service enhancement program is available in North America for 24 months after the start of your original standard limited warranty for issues listed below; otherwise your current standard limited warranty applies. Customers who already have a 24 month or longer warranty period will be covered under their existing standard HP Limited Warranty.

26. With regard to the symptoms, the Limited Warranty Program states in relevant part:

---

working, the offending hardware is highlighted for the user to deal with. The list of hardware can be sorted by various criteria. For each device, users can: (1) supply device drivers for the hardware; (2) enable or disable devices; (3) tell Windows to ignore malfunctioning devices; and/or (4) view other technical properties.

4
COMPLAINT

The following symptoms apply to Pavilion dv2000 and Presario v3000:

- o  The notebook does not detect wireless networks and the wireless adapter is not detected in the Device Manager . . . .

The following symptoms apply to the dv6000, dv9000 and v6000 series notebooks:

- o  The notebook does not detect wireless networks and the wireless adapter is not detected in the Device Manager . . . .

27. However, neither of the BIOS[2] proposed by HP nor uninstalling HP Wireless Assistant[3] solved or solves the problem. Generally, the only fix is a new motherboard – a fix that HP often tries to deny responsibility for by shifting responsibility and blame to the consumer by making unsupported claims of user negligence, such as occurred with Plaintiff.

28. As part of the current Limited Warranty Program, HP has indicated that the following HP Laptop computer models have hardware issues: HP Pavilion dv2000/dv6000/dv9000 and Compaq Presario v3000/v6000 Series Notebook PCs.

29. Plaintiff asserts that in addition to the above, the following HP Laptops contained the same or similar hardware defects as those identified in ¶ 28 above: HP Pavilion tx1000 Series.

30. HP's Limited Warranty Program has failed and continues to fail to adequately remedy the damages incurred by Plaintiff and members of the Plaintiff Class of affected consumers. HP's past and ongoing conduct gives rise the legal claims which Plaintiff is now pursuing on a nationwide class action basis.

31. Specific examples of the inadequacies of the Limited Warranty Program include, but are not limited, to the following:

   a. The "free" fix offered by HP under the Limited Warranty Program does not solve the inherent defect of the HP Laptops and often the Wireless Device will fail

---

[2] The "BIOS" (Basic Input/Output System) is a program pre-installed on Windows-based computers (not on Macs) that the computer uses to start up. The CPU accesses the BIOS even before the operating system is loaded. The BIOS then checks all your hardware connections and locates all your devices. If everything is OK, the BIOS loads the operating system into the computer's memory and finishes the boot-up process.

[3] The "HP Wireless Assistant" is a user application that provides a way to control the enablement of individual wireless devices (such as Bluetooth, WLAN, or WWAN devices) and that shows the state of the radios for these wireless devices.

COMPLAINT

subsequent to any repairs.

b. Many members of the Plaintiff Class have repaired their HP Laptops at their own expense, and some have paid for such repairs multiple times.

c. The price charged by HP facilities for the faulty Wireless Device is approximately $800 for a new motherboard. Often, this does not resolve the problem, and any money spent is wasted on ineffective repairs that only further contribute to the inconvenience and losses.

d. No additional remedy is provided to consumers who purchased an extended warranty.

32. The cause of the defects is the improper design/manufacture of the Wireless Device which is unsuitable for its intended purpose.

33. As a consequence of HP's acts and omissions, consumers of the HP Laptops are unaware that they have purchased a defective product until their HP Laptops begin to fail to detect wireless networks and signals.

34. Plaintiff and the Plaintiff Class have suffered loss and damage, including without limitation, purchasing and owning a laptop computer that was worth considerably less than its purchase price at the time of purchase, owning a laptop computer that is not useful or reliable for its intended purpose, loss of productivity, and the cost to repair or replace the defective components or purchase a new laptop free of the defects.

**B. HP's Refusal to Repair and Replace Its Defective Products**

35. Plaintiff Katherine Decker purchased her laptop in February of 2008 from Best Buy in Atlanta, Georgia based in large part on an advertisement for that particular model, specifically the fast wireless capabilities.

36. In August of 2008, less than a year after purchasing the HP Laptop, Ms. Decker experienced a complete wireless failure. Still within her warranty period, Ms. Decker contacted HP support. She informed HP that her laptop was fully functioning with the sole exception of the wireless capabilities.

37. After numerous attempts by HP support to fix Ms. Decker's laptop over the phone,

including the installation and removal of drivers, HP finally agreed to send Ms. Decker a federal express shipping box to have the HP Laptop shipped to HP for repair under the one year warranty.

38. In September of 2008, Ms. Decker submitted her laptop to the HP repair facility in California. Ms. Decker received a call from HP a few weeks later alleging that she had a "liquid spill" on her HP Laptop and, therefore, that her warranty was suspended until she paid $750 to HP to have the motherboard replaced.

39. Ms Decker informed the HP representative ("Lee") that she was aware that the motherboard was the exact hardware HP had admitted was necessary to be replaced in order to fix the defective Wireless Device in its Pavilion notebooks. Lee confirmed this was the case, but notified her that HP's policy would be followed.

40. Ms. Decker disputed the allegations of the liquid spill, informed them that her laptop was fully functional with the sole exception of the defective wireless issue, and that she did not need a new motherboard based on an alleged, but non-existent, liquid spill.

41. Nevertheless, HP refused to address the wireless defect unless Ms. Decker paid $750 for a new motherboard. Ms. Decker refused to pay HP and HP returned the defective laptop to Ms. Decker without undertaking any repairs.

42. Once Ms. Decker received her laptop back from HP she immediately took it to Richard's Computer, a computer repair facility certified and authorized to repair and inspect laptops computers, including HP Laptops. She had a qualified and certified technician open her laptop and examine the internal parts of the machine.

43. It was the technician's professional opinion that there was "absolutely no evidence of any liquid spill" on her laptop and that she did not need to have any parts replaced and that the only problem with her laptop was HP's Wireless Device. He also stated that her laptop tested 100% functional with the exception of the defective Wireless Device.

44. As of today, Ms. Decker can no longer use her HP Laptop for the purpose it was intended and advertised, *i.e.*, mobile computing with wireless internet access.

45. A review of the HP customer service forums reveals that Ms. Decker is not the only consumer whom HP has attempted to charge $750 or more to replace a motherboard that did not need to

be replaced.

46. On December 4, 2007 Jim, an HP customer, wrote on the HP forum the following: "I had the problem with the wireless on the dv9000…Today I was getting impatient and wanted my notebook back so I check my web service order status and to my amazement there is a bill for $800.00! I call up and 2 hours later come to find out that I was charged due to 'water damage and a screw in the wrong place'. If it has water damage how does the thing boot at all! I am a computer science student and my job is repairing computers. I know how to treat them and I would not send it back for warranty replacement if I spilled something on it. **The tech support said that there is nothing they can do, and I will not get my notebook back unless I pay the bill.**"

47. Upon information and belief, numerous members of the Plaintiff Class have each paid as much as $900 to have the motherboard replaced in order to fix the defective Wireless Device.

48. Many consumers have experienced an inordinately high failure rate of the defective Wireless Device. Such complaints are numerous on HP's own website: In fact, in October of 2008, one of the many HP forums discussing the faulty Wireless Device consisted of 235 pages and over 1000 customer complaints.

49. HP's authorized repair technicians have encountered numerous requests for repairs to the HP Laptops occurring exactly as those found in the HP Pavilion 1000 Series.

50. Plaintiff relied to her detriment upon advertisements and representations by HP that the laptops in question were capable of detecting wireless networks and were portable and could be used as portable computing devices in wireless areas (also known as "hot spots").

51. The advertisements and representations materially misrepresented that the laptops were suitable for wireless capabilities, and omitted and concealed material facts, thereby misleading consumers. Among other things, HP failed to inform consumers that the Wireless Device was defective and would render the laptops unfit and unusable for their intended purpose.

52. Plaintiff and the Plaintiff Class have been and continue to be damaged as a result of HP's false representations and omissions by, among other things: (a) purchasing laptops that did not perform as advertised and represented; (b) purchasing laptops that were worth less than what was paid for them and less than their advertised and represented value; (c) repair costs and attempted repair costs; (d) loss

of the benefit of the bargain of their purchase; and (e) loss of the value and use of their laptops for the purposes for which they were intended and purchased.

## CLASS ACTION ALLEGATIONS

53. Pursuant to Federal Rules of Civil Procedure, rules 23(a), (b)(2) and (b)(3), and California Civil Code section 1781, Plaintiff brings this action on behalf of herself and all other persons in the United States ("the Plaintiff Class") who purchased or acquired the following HP laptops: HP Pavilion dv2000 Series, all models; HP Pavilion dv6000 Series, all models; HP Pavilion dv9000 Series, all models; HP Pavilion tx1000 Series, all models; Compaq Presario V3000 Series, all models; and the Compaq Presario V6000 Series, all models; and any other similar model laptop computers. The references to "HP Laptops" throughout this Complaint refer to all of these laptop computers.

54. The proposed Plaintiff Class consists of, at least, tens of thousands of purchasers of HP Laptops throughout the United States. HP is the largest vendor of personal computers ("PCs") in the world. In the United States, HP also ranks number one in computer sales and has approximately one-quarter of the PC market. HP sells millions of PCs, including millions of laptops, on a quarterly basis. HP's market share and status translate into millions of customers internationally and within the United States. Accordingly, the members of the Plaintiff Class are so numerous that joinder would be impracticable. The exact size of the Plaintiff Class, and the identity of its members, should be ascertainable from HP's business records. Notice to the Plaintiff Class members can be devised through the use of HP's business records.

55. There are many questions of law and fact common to the Plaintiff Class, including, but not limited to, the following:

    a. Whether the HP Laptops contain common design defects and/or manufacturing defects;

    b. Whether the HP Laptops are of a merchantable quality;

    c. Whether the HP Laptops fail to conform to HP's advertised product specifications;

    d. Whether HP made false and/or misleading statements of fact concerning its representations and warranties about, and the defects inherent in, the HP Laptops

and whether HP knew, or was reckless in not knowing that its statements were false and/or misleading;

e. Whether HP concealed from the Plaintiff Class and the public that the HP Laptops contain common design defects and are not of merchantable quality;

f. Whether HP's false and/or misleading statements of fact, and its concealment about such material facts, were likely to deceive Plaintiff and the public;

g. Whether HP breached its Express Warranty, which HP uniformly issues with respect to every HP Laptop purchased throughout the United States;

h. Whether HP has violated the Consumer Legal Remedies Act, Cal. Civ. Code §1750 *et seq.* ("CLRA") by representing that the HP Laptops have characteristics, uses or benefits that they do not possess (Cal. Civ. Code § 1770(a)(5)); by representing that the HP Laptops are of a particular standard, quality, or grade when they are not (Cal. Civ. Code § 1770(a)(7)); by advertising the HP Laptops with intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9)); by representing that HP has no obligation to repair or replace the HP Laptops even though they suffer from common defects of which HP is aware (Cal. Civ. Code § 1770(a)(14)); by representing that the HP Laptops have been supplied in accordance with its representations, when they have not (Cal. Civ. Code § 1770(a)(16)); and by including unconscionable provisions in its warranty agreements (Cal. Civ. Code § 1770(a)(19)).

i. Whether HP's conduct was unlawful, fraudulent or unfair under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

56. The claims asserted by Plaintiff in this action are typical of the claims of the members of the Plaintiff Class, the claims arise from the same course of conduct by HP, and the relief sought is common.

57. Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class, all of whom are victims of HP's unfair, unlawful, and deceptive practices. Plaintiff has retained counsel who are competent and experienced in both consumer protection and class action

1 | litigation.

2 | 58. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because HP has acted and/or refused to act on grounds generally applicable to the Plaintiff Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Plaintiff Class as a whole. The members of the Plaintiff Class are entitled to injunctive relief to end HP's common, uniform and unlawful conduct.

59. Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law, including those listed above, predominate over any questions affecting only individual members of the Plaintiff Class and because a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Many members of the Plaintiff Class may be unaware that they have claims against Defendant. In addition, the relatively small, albeit significant, amount of each individual claim relative to the costs and burdens of bringing a lawsuit makes it impracticable for class members to pursue their claims individually. Class action treatment is necessary to prevent the effective immunization of Defendant from liability for the harm that they have imposed on Plaintiff and the Plaintiff Class.

60. Class certification is also appropriate pursuant to California Civil Code § 1781 because the questions of law or fact common to the class, including those listed above, are substantially similar and predominate over the questions affecting individual members.

61. Plaintiff is aware of no factors that will make it difficult to manage this litigation as a class action. The prosecution of separate actions by individual members of the Plaintiff Class would create the risk of inconsistent adjudications, which could establish incompatible standards of conduct for HP, and unjust and unfair results for consumers.

**FIRST CAUSE OF ACTION**
**(Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*,**
**Asserted by Plaintiff on Behalf of Herself and the Plaintiff Class)**

62. The preceding paragraphs of this Complaint are realleged and incorporated by reference as if fully set forth herein.

63. Plaintiff brings this action on her behalf and on behalf of the Plaintiff Class seeking relief pursuant to the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA").

11
COMPLAINT

64. Plaintiff and the members of the Plaintiff Class are "consumers" within the meaning of California Civil Code sections 1761(d), 1780, and 1781. The HP Laptops that Plaintiff and each member of the Plaintiff Class own are "goods" within the meaning of California Civil Code section 1761(a). In addition, the purchase of a HP Laptop constitutes a "transaction" within the meaning of California Civil Code sections 1761(e) and 1780.

65. HP has violated California Civil Code section 1770(a)(5) because it has represented that the HP Laptops have characteristics and benefits that they do not have. Specifically, HP has represented that its HP Laptops are free from defects in materials and workmanship, conform to factory specifications, and are suitable for portable computing.

66. HP has violated California Civil Code section 1770(a)(7) because it has represented that the HP Laptops are of a particular standard, grade, and quality when they are not.

67. HP has violated California Civil Code section 1770(a)(9) because it has advertised its HP Laptops with an intent not to sell them as advertised. Namely, HP has advertised that its HP Laptops are reliable and durable, free from defects, and that they conform to factory specifications.

68. HP has violated California Civil Code section 1770(a)(14) because it has represented to consumers that it has no obligation to repair or replace the HP Laptops even though they suffer from common defects known to HP.

69. HP has violated California Civil Code section 1770(a)(16) in representing that its Laptops are free from defects in materials and workmanship and conform to factory specifications, when they do not.

70. HP has violated California Civil Code section 1770(a)(19) by including unconscionable provisions in its warranty agreement. Provisions limiting the time and/or scope of the Express Warranty provided by HP are unconscionable because they would cause HP's Express Warranty to fail its essential purpose in that, inter alia, the HP Laptops contain common design and/or manufacturing defects that were present at the time of purchase and HP knew, or was reckless in not knowing, about the defects, including defects that could not be discovered by Plaintiff and members of the Plaintiff Class at the time of purchase. HP possesses bargaining strength and power far superior to that of Plaintiff and other members of the Plaintiff Class. Without discussion or negotiation, HP offers the

warranty to its customers and such customers lack any meaningful choice with respect to warranty terms.

71. The CLRA specifically provides that "[a]ny waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void." Cal. Civ. Code § 1751.

72. HP has waived any purported exclusions in its Express Warranty of the defective components.

73. HP also concealed material facts regarding HP Laptops, including but not limited to, the fact that the HP Laptops contain common and inherent design defects, fail to perform in accordance with its advertised performance specifications, are not of merchantable quality, and are not suitable for portable computing.

74. HP's misrepresentations and concealment were of material facts. This type of information is relied upon by consumers in making purchase decisions and is significant in the decision to purchase a laptop computer. Plaintiff and the Plaintiff Class relied upon HP's misrepresentations to their detriment.

75. As a result of the unlawful acts and practices of HP described above, Plaintiff and members of the Plaintiff Class have suffered substantial economic losses in an amount to be proven at trial.

76. On October 24 2008, Plaintiff, through her counsel, sent a notice and demand letter by certified mail to HP pursuant to California Civil Code section 1782. On or about October 28 or 29, 2008, counsel for HP contacted counsel for Plaintiff to ask for her contact information. Although counsel for HP knew she was represented by counsel, they contacted Plaintiff directly on or about November 3, 2008. Other than these minimal contacts, HP has not responded directly to this letter. To date, HP has not repaired Plaintiff's computer, nor taken any of the requested corrected actions identified in the letter.

77. Pursuant to California Civil Code sections 1770 and 1780, Plaintiff and each member of the Plaintiff Class is entitled to recover actual damages from HP as a result of its violations of the CLRA.

78. Pursuant to California Civil Code section 1780, Plaintiff and each member of the Plaintiff

1  Class are entitled to recover punitive damages against HP because it acted with malice, fraud, or
2  oppression.

3      79.     Pursuant to California Civil Code sections 1780 and 1781, Plaintiff and the Plaintiff Class
4  hereby request certification of the Plaintiff Class, compensatory and punitive damages, injunctive relief,
5  restitution, and attorneys' fees, costs and expenses.

**SECOND CAUSE OF ACTION**
**(Violation of California Civil Code §§ 1709, 1710 (Deceit by Concealment)**
**Asserted By Plaintiff on Behalf of Herself and the Plaintiff Class)**

8      80.     The preceding paragraphs of this Complaint are realleged and incorporated by reference
9  as if fully set forth herein.

10      81.     At all times relevant to this action, HP failed to disclose to Plaintiffs, Plaintiff Class
11  members, and the public material facts including, but not limited to: (a) that all or a significant portion
12  of the Wireless Devices on the HP Laptops fail; (b) that these defects were inherent in and common to
13  the HP Laptops; (c) that these defects rendered the HP Laptops inferior, not fit for their intended use,
14  and not of merchantable quality; and (d) that the defects were so common that they would cause the HP
15  Laptops to fail at unacceptably high rates.

16      82.     HP has known of these common defects in HP Laptops and knows and has known that
17  said defects are not caused by user abuse or misuse.

18      83.     HP has a duty to disclose these facts to Plaintiff and the Plaintiff Class but intentionally
19  has failed to do so. Instead, HP represented that the HP Laptops were free from defects and were of
20  merchantable quality.

21      84.     HP suppressed the material facts alleged herein with the intention of inducing the public,
22  including but not limited to Plaintiff and the Plaintiff Class, to purchase HP Laptops. HP's conduct
23  constitutes deceit.

24      85.     As a result, HP unlawfully deprived Plaintiff and members of the Plaintiff Class of their
25  property, namely, the funds expended to purchase the HP Laptops.

26      86.     As a proximate result of HP's actions, Plaintiff and members of the Plaintiff Class
27  suffered loss and damages in an amount to be proven at trial.

28      87.     The wrongful conduct of HP, as herein alleged, was intentional, malicious, oppressive,

1   and occurred with fraudulent intent. Plaintiff and Plaintiff Class are therefore entitled to recover
2   punitive damages.

### THIRD CAUSE OF ACTION
### (Breach of Express Warranty Asserted by Plaintiff on Behalf of Herself and the Plaintiff Class)

88. The preceding paragraphs of this Complaint are realleged and incorporated by reference as if fully set forth herein.

89. HP provided Plaintiff and each member of the Plaintiff Class an Express Warranty that the HP Laptops and all of the internal components of the product that they purchased or leased from HP were free from material defects and workmanship defects under normal use during the Limited Warranty Period.

90. HP also sold extended warranties which provided additional warranty protection for purchasers.

91. In addition, through its advertisement and marketing of the HP Laptops, HP expressly warranted that the HP Laptops were free from the defects alleged herein.

92. The HP Laptops were and are not free from defects in materials and workmanship.

93. HP breached its express warranties to Plaintiff and the Plaintiff Class by supplying HP Laptops in a condition that they do not perform as advertised.

94. The Express Warranty provides that HP will, at its discretion, repair or replace any component or hardware product that manifests a defect in materials or workmanship during the Limited Warranty Period.

95. HP further breached the express warranties to Plaintiff and the Plaintiff Class by not repairing the defective HP Laptops and/or not replacing the defective HP Laptops with a product of at least equivalent value.

96. HP has received timely notice of the breach of warranties alleged herein pursuant to California Commercial Code section 2607(3)(A). In addition, HP has received thousands of complaints from its customers regarding the defective conditions in the HP Laptops as alleged herein.

97. Despite requests to do so, HP has consistently refused to properly and/or effectively replace and/or repair the HP Laptops and has concealed the existence of the defects, despite thousands

of consumer complaints. As a result of HP's attempts to conceal the defects associated with the HP Laptops, Plaintiff and the members of the Plaintiff Class had been and/or remain unaware of the defects until the Wireless Device completely fails to detect any wireless networks.

98. Applying any warranty limitation to limit the time and/or scope of the Express Warranty provided by HP would be unconscionable and would cause HP's Express Warranty to fail its essential purpose in that, inter alia: (a) the HP Laptops contain common design and/or manufacturing defects that were present at the time of purchase and HP knew, or was reckless in not knowing, about the defects; (b) the defects could not be discovered by Plaintiff and members of the Plaintiff Class at the time of purchase; and (c) purchasers lacked any meaningful choice with respect to warranty terms.

99. HP has waived any purported exclusion of warranty of the defective components.

100. As a direct and proximate result of HP's breaches of its express warranties, Plaintiff and the members of the Plaintiff Class have suffered loss and damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.***
**Asserted by Plaintiff on Behalf Of Herself and the Plaintiff Class)**

101. The preceding paragraphs of this Complaint are re alleged and incorporated by reference as if fully set forth herein.

102. The Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL") defines unfair competition to include any unlawful, unfair or fraudulent business act or practice.

103. HP's business practices are unlawful, unfair, and fraudulent for the reasons set forth below, without limitation:

104. HP's conduct violates the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1770(a)(5), (a)(7), (a)(9), (a)(14), (a)(16), and (a)(19).

105. HP's conduct constitutes deceit and concealment.

106. HP has breached its express warranties to Plaintiff and the Plaintiff Class.

107. HP has designed, manufactured, and sold defective laptops. HP's misrepresentations and concealment of material facts regarding the characteristics of the HP Laptops are likely to mislead the Plaintiff and the Plaintiff Class.

108. HP's wrongful conduct is part of a pattern of conduct that has been repeated on thousands of occasions. Thus, HP's conduct impacts the public interest.

109. Plaintiff, for herself and on behalf of the Plaintiff Class, seeks to enjoin HP's conduct and to obtain restitution of all funds obtained by HP by reason of and through the use of these unlawful, unfair, and fraudulent acts and practices. Plaintiff and the Plaintiff Class further seek such other orders as may be necessary to restore to any person any interest in money which may have been acquired by HP by means of these unlawful, unfair, and fraudulent business practices. Plaintiff and the Plaintiff Class also seek restitutionary disgorgement, and seek reasonable attorneys' fees, costs and expenses incurred in bringing this action pursuant to California Code of Civil Procedure section 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1. That this Court certify this case as a Class Action and appoint Plaintiff as a Class representative;

2. That this Court find and declare HP's acts and practices as described herein to be unlawful, unfair, and fraudulent;

3. That HP be permanently enjoined from engaging in the unlawful, unfair, and fraudulent acts and practices alleged herein;

4. That the Court enter a permanent injunction prohibiting HP from failing or refusing to pay for repairs of the defects in HP Laptops;

5. That the Court enter a permanent injunction requiring HP to honor all express and extended warranties, and to recall all HP Laptops containing the defective wireless units;

6. That the Court enter a permanent injunction prohibiting HP from advertising, marketing, or selling the HP Laptops until such time as the HP Laptops conform to the warranties being made by HP;

7. That the Court enter a permanent injunction discontinuing the Limited Warranty Program until further order of the Court;

8. That Plaintiff and the Plaintiff Class be awarded compensatory damages according to proof at trial;

1 | 9. That HP be ordered to disgorge all monetary sums obtained from the unlawful, unfair, and fraudulent acts and practices alleged herein;

10. That Plaintiff and the Plaintiff Class be awarded punitive damages according to proof at trial;

11. That HP be ordered to make restitution to Plaintiff and the Plaintiff Class;

12. That Plaintiff and the Plaintiff Class be awarded attorneys' fees and expenses pursuant to California Civil Code section 1780(e), California Code of Civil Procedure section 1021.5, and Fed. R. Civ. P. 23(h);

13. For costs of suit herein incurred; and

14. For such other and further relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all causes of action so triable.

Respectfully submitted,

DATED: January 22, 2009

THE STURDEVANT LAW FIRM
A Professional Corporation

CRONGEYER LAW FIRM

By: _____
JAMES C. STURDEVANT
Attorneys for Plaintiffs