IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| The NVIDIA GPU Litigation. | NO. C 08-04312 JW |
| | **ORDER GRANTING PLAINTIFF DECKER'S MOTION FOR LEAVE; GRANTING IN PART AND DENYING IN PART PLAINTIFF DECKER'S MOTION FOR RECONSIDERATION** |

Presently before the Court is Plaintiff Decker's Administrative Motion for Leave to File Motion for Reconsideration of Order Denying Request to Find Decker Action Unrelated. (hereafter, "Motion," Docket Item No. 92.) Plaintiff Decker seeks to have the Court reconsider her previously filed motion to have Decker v. Hewlett Packard, No. C 09-00295 PVT, unrelated and unconsolidated to a series of cases that have been consolidated into this action.[1] Defendant Hewlett Packard ("HP") filed an opposition on the ground that Plaintiff Decker's Motion seeks to relate her case to a separate pending action, Nygren v. Hewlett Packard, No. C 07-05793 JW.[2] The Proposed Interim Class Counsel[3] filed a motion in support of Plaintiff Decker's Motion.[4]

---

[1] Plaintiff Decker attached her proposed Motion for Reconsideration as Exhibit A to her Motion for Leave. (Motion, Ex. A.)

[2] (Defendant Hewlett-Packard Company's Response in Opposition to Plaintiff Decker's Motion to Consider Whether Cases Should be Related, Docket Item No. 93.)

[3] The various Plaintiffs in this consolidated action have filed a joint motion for appointment of interim class counsel. (See Docket Item No. 75.) The Court will address that motion in a separate Order.

[4] (Proposed Interim Class Counsel's Response to Plaintiff Decker's Motion for Reconsideration of Order Denying Request to Find Decker Action Unrelated, hereafter, "Proposed Class Counsel Response," Docket Item No. 98.)

On February 25, 2009, the Court ordered the Decker action related and consolidated with ten other cases concerning defective Graphics Processing Units ("GPU") manufactured by Defendant NVIDIA and incorporated into Defendant HP computers. (February 25, 2009 Order at 2, Docket Item No. 63.) On March 10, 2009, the Court denied a motion by Plaintiff Decker to have her case unrelated and unconsolidated. (March 10, 2009 Order, Docket Item No. 80.)

Before a party may file a motion for reconsideration, the party must first obtain leave of the court. Civ. L.R. 7-9(a). In doing so, the moving party must specifically show the following:

(1) At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). A motion for leave to file a motion for reconsideration may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L.R. 7-9(c). "A party who violates this restriction shall be subject to appropriate sanctions." Id.

Based on the parties' submissions, the Court finds it appropriate to grant Plaintiff Decker's leave to file a motion for reconsideration. Since Plaintiff Decker provides her proposed motion for reconsideration along with her motion for leave, and Defendant HP and the other Plaintiffs have had an opportunity to respond to the grounds for Plaintiff Decker's motion for reconsideration, the Court reconsiders whether the Decker action should be unrelated and unconsolidated with this action.

The Court denied Plaintiff Decker's motion to unrelate and unconsolidate on the grounds that her putative class is almost entirely subsumed by one of the consolidated cases. (March 10, 2009 Order at 2.) However, after the Court denied Plaintiff Decker's motion to unrelate and unconsolidate, counsel for the other Plaintiffs represented that, although a significant number of the consolidated actions contained allegations concerning non-functioning wireless communication

2

cards, the anticipated Amended Consolidated Complaint "will allege only claims arising from NVIDIA's design, manufacture and sale of defective NVIDIA GPUs." (Proposed Class Counsel Response at 2.) Since Plaintiff Decker's Complaint focuses only on defective wireless cards/devices, and the consolidated action will focus only on issues regarding defective NVIDIA GPUs, the Court now finds that the Decker action should be unconsolidated. However, in light of the allegations brought by several Plaintiffs that defective NVIDIA GPUs may have caused HP wireless cards not to function and that HP breached certain warranties, the Court finds the Decker action should remain related to this consolidated action.

With respect to Plaintiff Decker's additional request that the Court consider whether the Decker action and Nygren v. Hewlett Packard are related, the Court finds that they are not related pursuant to Civ. L.R. 3-12(a). The Nygren action is at a different stage of litigation than Decker and it is unlikely there will be an unduly burdensome duplication of labor and expense or conflicting results.

Accordingly, the Court GRANTS Plaintiff Decker's Motion for Leave to File a Motion for Reconsideration. The Court GRANTS in part and DENIES in part Plaintiff Decker's Motion for Reconsideration. The Decker action will no longer be consolidated with this consolidated action. All future filings concerning the Decker action shall be filed under Decker v. Hewlett Packard, 09-00295 JW. However, the Decker action will remain related to this case.

The Decker parties shall appear for a Case Management Conference on **May 18, 2009 at 10 a.m.** On or before **May 8, 2009**, the parties shall meet and confer and file Joint Case Management Statement. The Statement shall include a good faith discovery plan with a proposed date for the close of all discovery.

Dated: April 9, 2009

JAMES WARE  
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan McQuarrie Mansfield alan@rosnerandmansfield.com
Daniel Emmett McGuire dmcguire@morganlewis.com
Gina M. Tufaro gtufaro@hhplawny.com
Howard Holderness hholderness@morganlewis.com
Ira P. Rothken ndca@techfirm.com
James C. Sturdevant jsturdevant@sturdevantlaw.com
Jeff S. Westerman jwesterman@milberg.com
Joe R. Whatley jwhatley@wdklaw.com
Jonathan Shub jshub@seegerweiss.com
Joshua Daniel Watts jwatts@orrick.com
Justin Myer Lichterman jlichterman@orrick.com
Meredith Ann Galto mgalto@morganlewis.com
Monique Olivier molivier@sturdevantlaw.com
Paul O. Paradis pparadis@hhplawny.com
Paul R. Kiesel Kiesel@kbla.com
Ralph M. Stone rstone@lawssb.com
Robert A. Particelli rparticelli@morganlewis.com
Robert P. Varian rvarian@orrick.com
Whitney Huston whuston@sturdevantlaw.com

**Dated: April 9, 2009**                              **Richard W. Wieking, Clerk**

                                                      **By:    /s/ JW Chambers**
                                                      **Elizabeth Garcia**
                                                      **Courtroom Deputy**

**United States District Court**
For the Northern District of California