IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Katherine Decker, | NO. C 09-00295 JW |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| Hewlett Packard Company, | |
| Defendant. | |

## I. INTRODUCTION

Katherine Decker ("Plaintiff") brings this putative class action against Hewlett-Packard Company ("Defendant" or "HP") alleging, *inter alia*, breach of warranty and unfair competition. Plaintiff alleges that Defendant sold defective laptop computers and concealed material information in the marketing, advertising, and sale of those computers.

Presently before the Court is Defendant's Motion to Dismiss. (hereafter, "Motion," Docket Item No. 18.) The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss with leave to amend.

## II. BACKGROUND

In a Complaint filed on January 22, 2009, Plaintiff alleges as follows:

> Plaintiff is an individual consumer who resides in Atlanta, Georgia. (Complaint ¶ 11, Docket Item No. 1.) Defendant is a California corporation with its principal place of business in Palo Alto, California. (Id. ¶ 2.)

1         Defendant has designed, manufactured, and sold defective laptop computers for both
2  business and consumer use, and has made misrepresentations and concealed material
3  information in the marketing, advertising, and sale of those computers.  (Complaint ¶ 4.)
4  Specifically, the HP laptops at issue: (a) are improperly designed and inherently defective;
5  (b) are not reliable for mobile computing as the internal Wireless Device is inherently
6  defective making it impossible to detect and/or use wireless signals; (c) are not of
7  merchantable quality; and (d) do not conform to HP's advertised and warranted performance
8  specifications.  (Id. ¶ 5.)
9         Plaintiff and the other members of the class purchased or acquired one or more of the
10 HP Laptops.  HP represented and warranted that each of the HP Laptops was free from
11 defects in materials and workmanship and conformed to the factory specifications in effect at
12 the time the product was manufactured.  (Complaint ¶ 6.)  Plaintiff's HP Laptop, like
13 thousands of other HP Laptops purchased by other consumer members of the Plaintiff Class,
14 does not conform to HP's uniform representations and warranties and does not conform to
15 HP's factory specifications.  (Id. ¶ 7.)  Though faced with thousands of consumer complaints
16 for its defective Wireless Device, HP has systematically refused to warn or advise consumers
17 about the common design and/or manufacturing defects that exist in its Laptops.  (Id. ¶ 8.)
18 Further, during the period of time it has manufactured and sold HP Laptops, HP had actual
19 and constructive knowledge that the HP Laptops were incapable of performing in accordance
20 with the advertised and warranted specifications.  HP also knew, and still knows, that
21 consumers are not able to use the HP Laptops for their intended purpose.  (Id. ¶ 9.)
22 On the basis of the allegations outlined above, Plaintiff alleges four causes of action: (1)
23 Violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et*
24 *seq.*; (2) Deceit by Concealment, in violation of Cal. Civ. Code §§ 1709-10; (3) Breach of Express
25 Warranty; and (4) Violation of California's Unfair Competition Law ("UCL"), Cal. Civ. Code §§
26 17200, *et seq.*

1  Presently before the Court is Defendant's Motion to Dismiss.

## III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533- 534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## IV. DISCUSSION

Defendant moves to dismiss all of Plaintiff's causes of action. The Court addresses each of Plaintiff's causes of action in turn.

**A.   Consumer Legal Remedies Act**

Defendant moves to dismiss Plaintiff's claims under the CLRA, on the ground that Plaintiff has failed to allege affirmative misrepresentations or the actionable failure to disclose material information. (Motion at 7.)

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices" in transactions for the sale or lease of goods or services to consumers. Cal. Civ. Code §

3

1770(a). Prohibited unlawful practices include: (1) representing that goods have characteristics, benefits or uses that they do not have; (2) representing that goods are of a particular standard, quality or grade if they are of another; (3) advertising goods with the intent not to sell them as advertised; and (4) representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve; (5) representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; and (6) inserting an unconscionable provision in the contract. Id. §§ 1770(a)(5), (7), (9), (14), (16), (19).[1]

"[A]lthough a claim may be stated under the CLRA in terms constituting fraudulent omissions, to be actionable the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 835 (2006). Daugherty expressly rejected the notion that a manufacturer can be liable under CLRA for failure to disclose a defect that manifests itself after expiration of the warranty period. Id. at 835-36. Similarly, in Bardin v. DaimlerChrysler Corp., the court found that a defendant did not violate CLRA when it failed to disclose that the use of lower quality materials for certain components, would cause the components to fail sooner than the industry average. 136 Cal. App. 4th 1255, 1275-76 (2006). Importantly, the defendant in Bardin had made no affirmative representations as to the life of the component beyond the warranty period. Id.

### 1.   Cal. Civ. Code §§ 1770(a)(5), (7), (9), and (16)

With respect to her CLRA claim for violation of California Civil Code §§ 1770(a)(5), (7), (9), and (16), Plaintiff alleges in relevant part:

> HP has represented and warranted to Plaintiff that: "The HP Product and all of the internal components of the product that you have purchased or leased from HP are free from defects in materials and workmanship under normal use during the Limited Warranty Period." (Complaint ¶ 17.)  Contrary to HP's representations and warranties, the HP Laptops are not free from defects in material and workmanship. Instead, the HP Laptops fail to perform as intended when put to normal and expected use, and suffer from common defects. (Id. ¶ 19.)

---

[1] Plaintiff's Complaint alleges violations of each of these six enumerated provisions of the CLRA. (See Complaint ¶¶ 65-70.)

4

> Plaintiff relied to her detriment upon advertisements and representations by HP that the laptops in question were capable of detecting wireless networks and were portable and could be used as portable computing devices in wireless areas. (Complaint ¶ 50.) The advertisements and representations materially misrepresented that the laptops were suitable for wireless capabilities, and omitted and concealed material facts, thereby misleading consumers. Among other things, HP failed to inform consumers that the Wireless Device was defective and would render the laptops unfit and unusable for their intended purpose. (Id. ¶ 51.)
>
> HP has represented that its HP Laptops are free from defects in materials and workmanship, conform to factory specifications, and are suitable for portable computing. (Complaint ¶ 65.) HP also concealed material facts regarding HP Laptops, including but not limited to, the fact that the HP Laptops contain inherent design defects, fail to perform in accordance with its advertised performance specifications, are not of merchantable quality, and are not suitable for portable computing. (Id. ¶ 73.)

The only specific affirmative statement alleged in Plaintiff's Complaint is Defendant's representation that "[t]he HP Product and all of the internal components of the product that you have purchased or leased from HP are free from defects in materials and workmanship under normal use during the Limited Warranty Period." (Complaint ¶ 17.) Otherwise, Plaintiff does not point to any clear representations made by Defendant, but rather alleges unspecified "advertisements and representations" relating to the quality of Defendant's products. (See id. ¶¶ 50-51.)

As to the affirmative statement alleged in paragraph 17 of the Complaint, the Court finds that there is nothing in the Complaint suggesting that this statement is a misrepresentation. Specifically, Defendant's Limited Warranty expressly states that "HP does not warrant that the operation of this product will be uninterrupted or error free" and provides that "[d]uring the Limited Warranty Period, HP will repair or replace the defective component parts or the hardware product."[2] In other words, the Limited Warranty contemplates that any defects would be remedied under the applicable warranty terms, not that there would be no errors or defects whatsoever in Defendant's products. See Long v. Hewlett-Packard Co., No. C 06-02816 JW, 2007 U.S. Dist. LEXIS 79262, at *22-*23 (N.D. Cal. July 27, 2007).

---

[2] (Declaration of Robert Particelli in Support of Defendant's Motion to Dismiss, Ex. A at 2-3, hereafter, "Particelli Decl.," Docket Item No. 19.)

5

With respect to the remainder of the unspecified representations alleged in the Complaint, the Court does not find that any of Plaintiff's allegations are actionable under the CLRA. Even if the Court could clearly ascertain the nature of the purported "advertisements and representations," the Complaint does not allege any omissions that were contrary to those representations. See Nygren v. Hewlett-Packard Co., No. C 07-05793 JW, slip op. at 5 (N.D. Cal. May 28, 2009). For example, Plaintiff alleges that Defendant's products "were capable of detecting wireless networks and were portable and could be used as portable computing devices in wireless areas." (Complaint ¶ 50.) There is no allegation, however, that Defendant's products could not perform the advertised functions. Like in Nygren, in which this Court recently dismissed CLRA claims against HP on the basis of alleged failure to disclose defective wireless capabilities in laptop computers, "the gravamen of Plaintiff['s] . . . Complaint is that Defendant did not disclose the fact that the wireless capabilities of its notebook computers are prone to malfunction." Nygren at 5. There is, however, no alleged representation that the laptops at issue are not prone to malfunction. Indeed, there is no alleged affirmative representation that would require Defendant, as a matter of law, to disclose that its computers are prone to having defective wireless capabilities.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss with respect to Plaintiff's claims under California Civil Code §§ 1770(a)(5), (7), (9), and (16), giving Plaintiff leave to amend.

**2. Cal. Civ. Code § 1770(a)(14)**

Defendant moves to dismiss Plaintiff's claim under California Civil Code § 1770(a)(14), on the ground that there is no allegation that Defendant represented to consumers that it has no obligation to repair defective laptops. (Motion at 14.) Plaintiff responds that she has alleged that Defendant unlawfully denied warranty claims on the basis of pretextual reasons, when the computer failures were, in fact, caused by the common defect of the wireless device. (Plaintiff's Opposition to Defendant's Motion to Dismiss at 16, hereafter, "Opposition," Docket Item No. 24.)

With respect to her claim under California Civil Code § 1770(a)(14), Plaintiff alleges in relevant part:

6

> In September of 2008, Plaintiff submitted her laptop to the HP repair facility. Plaintiff received a call from HP a few weeks later alleging that she had a "liquid spill" on her HP laptop and, therefore, that her warranty was suspended until she paid $750 to HP to have the motherboard replaced. (Complaint ¶ 38.) Plaintiff disputed the allegations of the liquid spill. (Id. ¶ 40.) Nevertheless, HP refused to address the wireless defect unless Plaintiff paid $750 for a new motherboard. Plaintiff refused to pay HP and HP returned the defective laptop without undertaking any repairs. (Id. ¶ 41.) Plaintiff retained a certified technician to examine her laptop, and who concluded that there was no evidence of any "liquid spill" and that the only problem with her laptop was HP's Wireless Device. (Id. ¶¶ 42-43.)

The Court finds that these allegations are sufficient to state a claim under California Civil Code § 1770(a)(14), which applies where a defendant represents that a transaction confers or involves rights, remedies, or obligations that it does not have or involve. In this case, Plaintiff has alleged that her computer was subject to Defendant's Limited Warranty. She then alleges that she attempted to invoke the terms of the warranty, but was denied on the purportedly pretextual basis that she had personally damaged the computer. These allegations are sufficient under California Civil Code § 1770(a)(14).

Accordingly, the Court DENIES Defendant's Motion to Dismiss with respect to Plaintiff's claims under California Civil Code § 1770(a)(14).

**3.     Cal. Civ. Code. § 1770(a)(19)**

Defendant moves to dismiss Plaintiff's claim under California Civil Code § 1770(a)(19), on the ground that Plaintiff has alleged nothing unconscionable about Defendant's warranty. (Motion at 15.)

Plaintiff contends that it was unconscionable for Defendant to have limited the time and scope of its warranty "where HP knew or was reckless in not knowing about the computer failures caused by a common defect at the time of sale to [Plaintiff]." (Opposition at 16.) However, Plaintiff does not provide any legal authority for the proposition that a time-limited warranty is unconscionable where a manufacturer is aware of defects associated with the warranted product. The Court thus has no basis for sustaining Plaintiff's unconscionability claim.

7

1 Accordingly, the Court GRANTS Defendant's Motion to Dismiss with respect to Plaintiff's
2 claims under California Civil Code § 1770(a)(19). The Court finds that this claim cannot be cured
3 by amendment and it is, as a consequence, dismissed with prejudice.

### B. Deceit by Concealment

Defendant moves to dismiss Plaintiff's Second Cause of Action for deceit by concealment, on the ground that there is no actionable failure to disclose alleged in the Complaint. (Motion at 10.) In particular, Defendant contends that it was under no duty to disclose the defects associated with its laptop computers. (Reply in Support of Motion to Dismiss at 3, hereafter, "Reply," Docket Item No. 26.)

The elements of a cause of action for concealment under California Civil Code §§ 1709-10 are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as she did if she had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage. Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC, 162 Cal. App. 4th 858, 868 (2008) (quoting Marketing West, Inc. v. Sanyo Fisher (USA) Corp., 6 Cal. App. 4th 603, 612-13 (1992)).

In this case, Plaintiff alleges in relevant part:

> Defendant failed to disclose to Plaintiff (a) that all or a significant portion of the Wireless Devices on the HP Laptops fail; (b) that these defects were inherent in and common to the HP Laptops; (c) that these defects rendered the HP Laptops inferior, not fit for their intended use, and not of merchantable quality; and (d) that the defects were so common that they would cause the HP Laptops to fail at unacceptably high rates. (Complaint ¶ 81.) HP has known of these common defects in HP Laptops and knows and has known that said defects are not caused by user abuse or misuse. (Id. ¶ 82.) HP has a duty to disclose these facts to Plaintiff but intentionally failed to do so. (Id. ¶ 83.)

Based on the above allegations, the Court finds that Plaintiff has not adequately alleged a duty to disclose under California law. Although Plaintiff summarily alleges that a duty to disclose exists,

8

1  this is simply a legal conclusion upon which the Court is unable to rely. Instead, the Court finds that
2  the weight of California law stands for the proposition that a manufacturer has no duty to disclose
3  that, "'in the fullness of time,' a given part might eventually fail, necessitating repairs." Long, 2007
4  U.S. Dist. LEXIS 79262, at *24 (quoting Daugherty, 144 Cal. App. 4th at 838). "Where there is no
5  representation as to the life span of the part in question," California law holds that "the only
6  expectation a purchaser could have had was that the product would function properly for the
7  duration of the manufacturer's express warranty." Id. In light of the Court's findings with respect to
8  Plaintiff's CLRA claims, there is no alleged contrary representation as to the life span of
9  Defendant's product. Thus, the Court finds that there is no duty of disclosure upon which a
10 concealment claim can be based.

11     Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Second Cause
12 of Action for concealment with leave to amend.

13 **C.**     **Breach of Express Warranty**

14     Defendant moves to dismiss Plaintiff's Third Cause of Action for breach of express
15 warranty, on the grounds that (1) there has been no breach of express warranty and (2) there can be
16 no warranty by description claim in light of the disclaimer contained in Defendant's express
17 warranty. (Motion at 18-19.) The Court addresses each issue in turn.

18     **1.**     **Express Warranty**

19     An express warranty is a contractual term concerning some aspect of the sale, such as the
20 quality of the warranted item. Windham at Carmel Mountain Ranch Ass'n v. Superior Court, 109
21 Cal. App. 4th 1162, 1168 (2003). California Commercial Code section 2313 provides that an
22 express warranty may arise from any description, affirmation of fact, or promise, relating to the
23 product sold that becomes part of the basis of the bargain. Cal. Comm. Code § 2313. Statements
24 made in a manufacturer's advertising that are "disseminated to the consuming public in order to
25 induce sales" can create express warranties. Keith v. Buchanan, 173 Cal. App. 3d 13, 22 (1985). To
26 state a claim for breach of express warranty, a plaintiff must allege: (1) the exact terms of the
27
28     9

warranty; (2) reasonable reliance; and (3) a breach that proximately causes plaintiff injury. <u>Williams v. Beechnut Nutrition Corp.</u>, 185 Cal. App. 3d 135, 142 (1986).

Here, Plaintiff alleges in relevant part:

> Plaintiff purchased her laptop in February of 2008. (Complaint ¶ 35.) Defendant provided Plaintiff an Express Warranty that the HP Laptops and all internal components of the product purchased from HP were free from material defects and workmanship defects under normal use during the Limited Warranty Period. (<u>Id.</u> ¶ 89.) The express warranty provides that HP will, at its discretion, repair or replace any component or hardware product that manifests a defect in materials or workmanship during the Limited Warranty Period. (<u>Id.</u> ¶ 94.)
>
> In August of 2008, Plaintiff experienced a complete wireless failure. Still within her warranty period, Plaintiff contacted Defendant for support. (Complaint ¶ 36.) In September of 2008, Plaintiff submitted her laptop to the HP repair facility. Plaintiff received a call from HP a few weeks later alleging that she had a "liquid spill" on her HP laptop and, therefore, that her warranty was suspended until she paid $750 to HP to have the motherboard replaced. (<u>Id.</u> ¶ 38.) Plaintiff disputed the allegations of the liquid spill. (<u>Id.</u> ¶ 40.) Nevertheless, HP refused to address the wireless defect unless Plaintiff paid $750 for a new motherboard. Plaintiff refused to pay HP and HP returned the defective laptop without undertaking any repairs. (<u>Id.</u> ¶ 41.) Plaintiff retained a certified technician to examine her laptop, and who concluded that there was no evidence of any "liquid spill" and that the only problem with her laptop was HP's Wireless Device. (<u>Id.</u> ¶¶ 42-43.) Plaintiff was damaged as a result of Defendant's refusal to honor its warranty. (<u>Id.</u> ¶ 100.)

Based on the above allegations, the Court finds that Plaintiff has stated a claim for breach of express warranty. The Complaint alleges the terms of Defendant's warranty, that Plaintiff relied on those terms by submitting her allegedly defective product for repair, and that Defendant failed to abide by the terms of the warranty, causing damage to Plaintiff. Although Defendant contends that it permissibly declined to repair Plaintiff's laptop, citing evidence of a liquid spill, the Court finds that this issue is factual in nature and is appropriate for resolution at a later stage of this litigation.

Accordingly, the Court DENIES Defendant's Motion to Dismiss Plaintiff's Third Cause of Action for breach of express warranty, to the extent those claims are based on Defendant's alleged refusal to repair defective laptops during the applicable warranty period.

### 2. Warranty by Description

In addition to allegations that Defendant failed to repair defective laptops under the terms of its warranty, Plaintiff alleges that "through its advertisement and marketing of the HP Laptops, HP

10

expressly warranted that the HP Laptops were free from the defects alleged herein." (Complaint ¶ 91.) Plaintiff alleges that "HP breached its express warranties to Plaintiff by supplying HP Laptops in a condition that they do not perform as advertised." (Id. ¶ 93.) In other words, Plaintiff is asserting that Defendant's warranty contained terms beyond those in the written Limited Warranty.

The Court finds that this "warranty by description" claim is not actionable. As the Court recently held in Nygren, Plaintiff's claims are "governed by the terms of the Limited Warranty." Nygren at 10. The Limited Warranty includes a disclaimer stating:

> EXCEPT AS EXPRESSLY SET FORTH IN THIS LIMITED WARRANTY, HP MAKES NO OTHER WARRANTIES OR CONDITIONS, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. HP EXPRESSLY DISCLAIMS ALL WARRANTIES AND CONDITIONS NOT STATED IN THIS LIMITED WARRANTY.

(Particelli Decl., Ex. A at 1.) In Nygren, the Court found that "HP validly disclaimed any express warranty through the conspicuous disclaimer on the first page of the Limited Warranty." Nygren at 11 (citing Long, 2007 U.S. Dist. LEXIS 79262, at *16-*17). As in Nygren, the Court also finds that there was nothing factually inaccurate about the alleged statements creating express warranties. That is, there is no allegation that the alleged advertisements were false. Rather, the crux of the Complaint is that Defendant's products malfunctioned at an abnormally high rate, not that they were completely incapable of the advertised wireless functions.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Third Cause of Action for breach of express warranty, to the extent that the claim is based on alleged representations outside of the Limited Warranty with leave to amend.

**D.      Unfair Competition Law**

Defendant moves to dismiss Plaintiff's Fourth Cause of Action for violations of California's UCL, on the ground that there is no actionable misrepresentation or act of concealment upon which a UCL claim can be based. (Motion at 7.) Defendant also contends that, as a general matter, there are no allegations sufficient to state a claim under either the unlawfulness, unfairness, or fraud prongs of the UCL. (Id. at 15-18.)

11

The UCL is a broad statute that defines "unfair competition" to include "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17200. Given the sweep of the statute, a "practice may be deemed unfair even if not specifically proscribed by some other law." Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). There can thus be a violation of the UCL if a business practice was (1) unlawful, (2) unfair, or (3) fraudulent.

With respect to the unlawfulness prong of the UCL, "section 17200 borrows violations of other laws and treats them as unlawful practices independently actionable." Saunders v. Superior Court, 27 Cal. App. 4th 832, 839 (1994). These include "any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Id. at 838-39. A business practice is unfair if "it offends established public policy . . . or is substantially injurious to consumers." People v. Duz-Mor Diagnostic Lab., 68 Cal. App. 4th 654, 658 (1998). In order to find a business practice "unfair" under the UCL, a court must conduct an "examination of its impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer." Motors, Inc. v. Times Mirror Co., 102 Cal. App. 3d 735, 740 (1990). Finally, a business practice is fraudulent under the UCL if a plaintiff can show that "members of the public are likely to be deceived." Bardin v. Daimlerchrysler Corp., 136 Cal. App. 4th 1255, 1261 (2006). An individual has standing to sue under § 17200 if they have suffered an injury in fact and lost money or property as a result of unfair competition. Cal. Bus. & Prof. Code § 17204.

In this case, the Court has already found that Plaintiff states a claim for violation of the CLRA and for breach of express warranty, based on Defendant's alleged failure to repair defective computers during the warranty period. Accordingly, the Court finds that Plaintiff has stated a claim under the unlawfulness prong of the UCL. The Court, however, finds that Plaintiff has not stated a UCL claim under either the fraud or the unfairness prong of the UCL. As in the Long case, the Court finds that a failure to disclose a defect is "not actionable under the . . . UCL," absent the creation of some duty to disclose. Long, 2007 U.S. Dist. LEXIS 79262, at *24.

Accordingly, the Court DENIES Defendant's Motion to Dismiss Plaintiff's Fourth Cause of Action for violations of the UCL, to the extent that the UCL claim is based on Defendant's purported failure to honor the terms of the Limited Warranty. The Court GRANTS Defendant's Motion, to the extent the UCL claim is based on failure to disclose the defects in Defendant's Wireless Device with leave to amend.

### E. Motion to Strike Class Definition

Defendant moves to strike Plaintiff's proposed class definition as overly broad. (Motion at 21.) The Court finds that resolution of this issue is premature. Once the claims in this action are established, the case will proceed toward class certification and the Court will consider disputes over the exact composition of any putative class. Accordingly, Defendant's Motion to Strike is DENIED as premature.

### V. CONCLUSION

The Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss as follows:

(1) Defendant's Motion as to Plaintiff's CLRA §§ 1770(a)(5), (7), (9), and (16) claims is GRANTED with leave to amend;

(2) Defendant's Motion as to Plaintiff's CLRA § 1770(a)(14) claim is DENIED;

(3) Defendant's Motion as to Plaintiff's CLRA § 1770(a)(19) claim is GRANTED with prejudice;

(4) Defendant's Motion as to Plaintiff's Second Cause of Action for deceit by concealment is GRANTED with leave to amend;

(5) Defendant's Motion as to Plaintiff's Third Cause of Action for Breach of Express Warranty is GRANTED as to claims based on alleged representations outside of the Limited Warranty, but DENIED as to claims based on Defendant's alleged refusal to repair defective laptops during the applicable warranty period;

    (6)    Defendant's Motion as to Plaintiff's Fourth Cause of Action for violations of the UCL is GRANTED as to claims under the unfairness or fraud prongs, but DENIED as to claims under the unlawfulness prong.

The Court DENIES as premature Defendant's Motion to Strike Class Definition.

Any Amended Complaint shall be filed on or before **June 29, 2009** and shall be consistent with the terms of this Order.

Dated: June 19, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Daniel Emmett McGuire dmcguire@morganlewis.com
James C. Sturdevant jsturdevant@sturdevantlaw.com
Meredith Ann Galto mgalto@morganlewis.com
Monique Olivier molivier@sturdevantlaw.com
Robert A. Particelli rparticelli@morganlewis.com
Whitney Huston whuston@sturdevantlaw.com

Dated: June 19, 2009                                      Richard W. Wieking, Clerk

                                                          By:   /s/ JW Chambers
                                                                Elizabeth Garcia
                                                                Courtroom Deputy

**United States District Court**
For the Northern District of California