KRISTOFOR T. HENNING (*Pro Hac Vice*)
FRANCO A. CORRADO (*Pro Hac Vice* forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001
E-mail: khenning@morganlewis.com
E-mail: fcorrado@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| KATHERINE E. DECKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant. | Case No. 09-00295 (JW)<br><br>**DEFENDANT HEWLETT-PACKARD COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>Date:    May 11, 2010<br>Time:   9:00 a.m.<br>Place:   Courtroom 2, 5th Floor<br>Judge:   Mag. Judge Howard R. Lloyd |

**I.     INTRODUCTION**

The Court issued a Scheduling Order on May 14, 2009 setting, *inter alia*, November 16, 2009 as the close of discovery on Plaintiff Katherine E. Decker's ("Plaintiff") anticipated motion for class certification, but that deadline has twice been extended. *See* Docket Nos. 23, 43. The Parties began negotiating a Stipulated Protective Order ("SPO") in September 2009. Defendant Hewlett-Packard Company ("HP") proposed adopting the model protective order approved by this District, but Plaintiff desired certain revisions. *See* Declaration of John Crongeyer in Support of Plaintiff Decker's Motion for Entry of Protective Order ("Crongeyer Dec."), Ex. 5. On October 28, 2009, HP requested that Plaintiff provide a complete protective order reflecting each of Plaintiff's proposed revisions. *Id.*   On December 16, 2009, Plaintiff responded with a draft protective order. *See* Declaration of Franco A. Corrado in Support of HP's Response to Plaintiff's Motion for Protective Order ("Corrado Dec."), Ex. 1. HP responded with its proposed

Case No. 09-00295 (JW)

HEWLETT-PACKARD COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

1  alterations on December 22, 2009.  *See* Corrado Dec., Ex. 2.  Plaintiff filed her Motion for Entry
2  of a Protective Order on March 19, 2010.  *See* Docket No. 40.[1]

3        The parties are at an impasse with regard to the scope of protection to be afforded HP's "HIGHLY CONFIDENTIAL" information.  More specifically, Plaintiff will not agree to include Paragraph 7.4 as it appears in the model stipulated protective order used throughout this District.[2]  HP, on the other hand, is concerned about Plaintiff's disclosure of HP's "HIGHLY CONFIDENTIAL" information to expert witnesses/consultants who may be employed by or otherwise associated with HP's competitors or who otherwise have a conflict of interest that precludes them from having access to HP's "HIGHLY CONFIDENTIAL" information.  Accordingly, HP has requested either that model provision 7.4 or some like manner of protection be included in any SPO.

      HP's preference for model provision 7.4 is straightforward—this is a highly technical case alleging that, after a period of time and under certain circumstances, certain HP notebook computers may have an inability to connect wirelessly to the internet.  The evaluation of Plaintiff's allegations and HP's defenses thereto will require detailed review of HP's proprietary technical and financial information, including but not limited to research and development, pricing and sales data.  Such information is highly sensitive, proprietary and economically valuable to HP.  Simply put, HP maintains such information as confidential in the normal course of business, and the disclosure of such information in connection with this litigation to HP's competitors (or other individuals or entities who have a conflict of interest vis-à-vis HP) could irreparably harm HP.

      To be sure, HP's proposed inclusion of model provision 7.4 is reasonable inasmuch as that provision was taken directly from this District's approved model protective order.  Nonetheless,

---

[1] HP's response to Plaintiff's motion is without prejudice to HP's right to move to stay this matter pending a resolution of the several other class actions already pending in this District involving overlapping putative classes.  *See, e.g.*, *Nygren, et al. v. Hewlett-Packard Co.*, 07-cv-05793-JW; *The NVIDIA GPU Litigation*, 08-cv-04312-JW.

[2] *See* United States District Court, Northern District of California, Court Forms, Stipulated Protective Order, http://www.cand.uscourts.gov/cand/form.nsf (Last visited April 19, 2010).

Case No. 09-00295 (JW)     2      HEWLETT-PACKARD COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

recognizing that this Court already has decided a similar issue in the case captioned *Nygren, et al. v. Hewlett-Packard Co.*, 07-cv-05793 ("*Nygren*"), HP proposed a compromise consistent with the approach this Court already found viable in the *Nygren* matter. Plaintiff, however, rejected that solution and instead has chosen to burden this Court with the resulting motion practice.[3]

## II. ARGUMENT

### A. THIS COURT ALREADY HAS DECIDED A SIMILAR ISSUE IN THE *NYGREN* MATTER AND CRAFTED AN APPROPRIATE SOLUTION.

Addressing similar concerns raised by HP and the plaintiffs in the *Nygren* matter, this Court concluded that HP's "HIGHLY CONFIDENTIAL" information warranted at least some added measure of protection and ordered plaintiff not to disclose such "HIGHLY CONFIDENTIAL" information to any consultant or expert who within the past five (5) years:

- Was an employee of HP;
- Was an employee of a competitor of HP; or
- Worked as a consultant or expert witness for any HP competitor.

*See* Crongeyer Dec. Ex. 3 (7/1/08 Order on HP's Motion for a Notice Requirement for Experts Permitted to View Highly Confidential Information Under the Stipulated Protective Order).

Procedurally, this matter is like *Nygren* inasmuch as Plaintiff seeks to bring claims arising out of wireless failures on behalf of a partially overlapping putative class. The case at bar, therefore, will likely involve disclosure to Plaintiff of the same or similar "HIGHLY CONFIDENTIAL" technical and/or financial information disclosed in *Nygren*. HP's specific concern—and the concern that HP believes this Court's compromise in the *Nygren* matter was designed to address—is that Plaintiff could, under her proposed form of protective order, supply HP's "HIGHLY CONFIDENTIAL" information to one of HP's competitors. Plaintiff's requested alternative— namely, the Court's *ex parte* review of the proposed expert's curriculum

---

[3] Plaintiff's suggestion that HP "requested" changes to the model protective order is inaccurate; indeed, HP has maintained throughout the negotiation with Plaintiff that the model protective order is adequate and that Plaintiff's proposed modifications to Sections 6.2 and 6.3 in particular were superfluous. *See e.g.*, Crongeyer Dec. Ex. 5. Nonetheless, in the spirit of compromise, HP agreed to modify model provisions 6.2 and 6.3 per Plaintiff's request. *See* Corrado Dec., Ex. 2.

Case No. 09-00295 (JW)     3     HEWLETT-PACKARD COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

vitae and employment status—not only removes HP from the review process, but also burdens the Court unnecessarily by putting the Court in the position of having to evaluate *in the first instance* whether a particular individual or entity should be permitted to receive HP's "HIGHLY CONFIDENTIAL" information. This Court should not deviate from its prior ruling.

### B. PLAINTIFF'S ARGUMENT THAT THIS COURT'S SOLUTION FROM *NYGREN* WILL PRECLUDE HER FROM RETAINING AN EXPERT IS PURELY SPECULATIVE.

Plaintiff's proposed justification for rejecting HP's alternative—that she will be prevented from "using qualified experts"—is purely speculative. If Plaintiff determines that she cannot retain any "qualified" expert because of the restrictions adopted in *Nygren*, she can seek HP's consent to use a particular expert or move the Court to permit disclosure of HP's "HIGHLY CONFIDENTIAL" materials to that proposed expert. To be sure, the approach adopted in *Nygren* did not prevent the *Nygren* plaintiffs from submitting two reports from individuals who they believe to be qualified experts in connection with their motion for class certification.[4]

Dated: April 20, 2010           MORGAN, LEWIS & BOCKIUS LLP


By:  /s/ Kristofor T. Henning
     Kristofor T. Henning

Attorneys for HEWLETT-PACKARD COMPANY

---

[4] While HP disagrees that the purported experts offered in the *Nygren* action are qualified, it nonetheless illustrates that Plaintiff here will have potential expert candidates at her disposal.

Case No. 09-00295 (JW)           4           HEWLETT-PACKARD COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

**PROOF OF SERVICE**

I, Franco A. Corrado, hereby certify that on April 20, 2010, I caused the foregoing document titled **Hewlett-Packard Company's Opposition to Plaintiff's Motion for Protective Order**, to be served upon the persons named below in the manner specified:

**By ECF:**

James C. Sturdevant, Esquire
Monique Olivier, Esquire
Whitney Huston, Esquire
THE STURDEVANT LAW FIRM
354 Pine Street, Fourth Floor
San Francisco, CA 94104
Telephone:  415-477-2410
Facsimile:  415-477-2420

Attorneys for Plaintiff Katherine E. Decker

Dated:  April 20, 2010                             By:   /s/ Franco A. Corrado
                                                              Franco A. Corrado

Case No. 09-00295 (JW)            5            HEWLETT-PACKARD COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER