\*\* E-filed May 11, 2010 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHERINE E. DECKER, individually and on behalf of all other similarly situated,<br><br>         Plaintiff,<br>   v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>         Defendant.<br>_____/ | No. C09-00295 JW (HRL)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND (2) ENTERING HP'S PROPOSED PROTECTIVE ORDER AS AMENDED BY THE COURT**<br><br>**[Re: Docket No. 40]** |

Katherine Decker sued Hewlett-Packard Company ("HP") on behalf of herself and a putative class of consumers, alleging that HP sold laptop computers with defective wireless devices. The parties wish to enter a Stipulated Protective Order, but have been unable to agree on its provisions after several meet-and-confer efforts. Decker now moves for entry of her proposed version, while HP seeks entry of its version. Upon consideration of the motion papers and the arguments presented at the hearing, the court DENIES plaintiffs' motion.

Although the parties' motion papers discuss their earlier proposals and disputes to the same, none of those issues are before the court today. Instead, the only issue is whether the court should enter a protective order that prohibits plaintiff from disclosing HP's "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information to a consultant or expert witness who, within the past five years, was an employee of HP, was an employee of a competitor of HP, or worked as a consultant or expert witness for any HP competitor. This provision appears in HP's version of the

protective order, but does not appear in plaintiff's version. In addition, HP proposes a list of nine competitors to which this provision applies, along with a "catch-all" definition: "Any other entity engaged in the design, creation, manufacturing, or marketing of computers and its subsidiaries, affiliates, and/or divisions." (HP's Proposed Order Ex. B.)

HP alleges that this provision is necessary to protect its proprietary technical and financial information. It argues that its proposal is reasonable because, it says, this court entered the same provision in a similar case. *See Nygren v. Hewlett-Packard Co.*, No. 07-05793 (N.D. Cal. July 1, 2008) (order on HP's motion for a notice requirement). Decker counters that in *Nygren*, this court merely adopted the plaintiffs' proposal, and that she should not be held to any agreement made by the *Nygren* plaintiffs in any case. Moreover, she argues that HP's "catch-all" definition impermissibly broadens the scope of this court's order in *Nygren*, which did not define HP's competitors at all.

As in *Nygren*, the court finds good cause to provide HP with some additional protection for its legitimate trade secrets. But it also finds that HP's "catch-all" definition goes too far and is unnecessary in a consumer case where the plaintiff is not HP's competitor. Accordingly, the court DENIES plaintiff's motion for entry of her version of the protective order. Instead, within five days of this order, the parties shall submit to the court HP's version with Exhibit B amended to include the following nine competitors (including their subsidiaries, affiliates, and/or divisions): Dell, Inc.; Acer Group; Alienware Computers; Gateway; Toshiba Worldwide, Inc.; Sony Electronics, Inc.; Samsung; Apple, Inc.; and ASUSTeK Computer, Inc. In addition, Exhibit B shall include "any other entity engaged in the design, creation, manufacturing, or marketing of computers and its subsidiaries, affiliates, and/or divisions that represents itself or is acknowledged in the industry as a competitor of HP."

**IT IS SO ORDERED.**

Dated: May 11, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 09-00295 JW (HRL) N**otice **will be electronically mailed to:**

| | |
|---|---|
| Daniel Emmett McGuire | dmcguire@morganlewis.com |
| Franco A Corrado | fcorrado@morganlewis.com |
| James C. Sturdevant | jsturdevant@sturdevantlaw.com, arocha@sturdevantlaw.com, bnuss@sturdevantlaw.com, kbecker@sturdevantlaw.com |
| John Watson Crongeyer | jwc@birdlawgroup.com, ecn@birdlawgroup.com |
| Kristofor Tod Henning | khenning@morganlewis.com |
| Meredith Ann Galto | mgalto@morganlewis.com |
| Monique Olivier | molivier@sturdevantlaw.com, arocha@sturdevantlaw.com, bnuss@sturdevantlaw.com, kbecker@sturdevantlaw.com |
| Robert A. Particelli | rparticelli@morganlewis.com |
| Whitney Huston | whuston@sturdevantlaw.com, arocha@sturdevantlaw.com, kbecker@sturdevantlaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**