1  HOWARD HOLDERNESS (SBN 169814)
   MORGAN, LEWIS & BOCKIUS LLP
2  One Market, Spear Street Tower
   San Francisco, CA 94105
3  Telephone: 415.442.1000
4  Facsimile: 415.442.1001
   E-mail: hholderness@morganlewis.com
5
   KRISTOFOR T. HENNING (PAB 85047)
6  (*Pro Hac Vice*)
   FRANCO A. CORRADO (PAB 91436)
7  (*Pro Hac Vice*)
   MORGAN, LEWIS & BOCKIUS LLP
8  1701 Market Street
   Philadelphia, PA 19103
9  Telephone: 215.963.5000
   Facsimile: 215.963.5001
10 E-mail: khenning@morganlewis.com

11 Attorneys for Defendant
   HEWLETT-PACKARD COMPANY
12

13                UNITED STATES DISTRICT COURT
14                NORTHERN DISTRICT OF CALIFORNIA
15                       SAN JOSE DIVISION
16

17 KATHERINE E. DECKER, on behalf of        Case No. C 09-00295 JW
   herself and all others similarly situated,
18                                           **HEWLETT-PACKARD COMPANY'S**
19         Plaintiff,                        **NOTICE OF MOTION AND MOTION**
        v.                                   **TO STAY ALL PROCEEDINGS**
20
   HEWLETT-PACKARD COMPANY, a                Hearing:
21 Delaware corporation,
                                             Date:    November 15, 2010
22                                           Time:    9:00 a.m.
                                             Before:  Honorable James Ware
23         Defendant.                        Courtroom: No. 8, 4th Floor
                                                      San Jose
24
                                             Action Filed:   January 22, 2009
25

26

27

28

HP'S MOTION TO STAY                                    CASE NO. 09-00295 JW

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 15, 2010 at 9:00 a.m. in Courtroom No. 8 of the above-entitled Court, Defendant Hewlett-Packard Company ("HP") will, and hereby does, move this Court to stay this putative nationwide class action pending a class certification decision in a substantially similar previously filed putative class action. A stay is appropriate under the established first-filed rule to avoid a needless waste of litigation and judicial resources.

Dated: June 10, 2010                                             MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Kristofor T. Henning
Kristofor T. Henning

Attorneys for Defendant
Hewlett-Packard Company

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Hewlett-Packard Company ("HP") respectively requests that the Court stay all proceedings in this putative nationwide class action pending a class certification decision in an earlier filed putative class action which Plaintiff Katherine E. Decker ("Plaintiff") has described as "involv[ing] substantially the same parties, property, transaction [and] event[s]" as the above-captioned matter. Here, Plaintiff alleges, on behalf of herself and a putative nationwide class of purchasers of certain HP notebook computers, that the notebook computers at issue contained a defective component part (manufactured by NVIDIA) that could cause the notebooks to fail to connect wirelessly to the internet. At the time Plaintiff initiated her action, another nationwide putative class action involving, according to her, substantially the same issues and brought on behalf of an overlapping putative class – *Nygren v. Hewlett-Packard Co.* (No. 07-5793 JW) (the "*Nygren* action") – already had been pending before this Court for over fourteen months. In fact, Plaintiff moved to mark this matter related to *Nygren* pursuant to Civil Local Rule 3-12(a).

The Court should stay this matter pending a class certification decision in the *Nygren* action pursuant to the established first-filed rule, under which courts routinely stay duplicative class action litigation. If the putative nationwide class in the *Nygren* action is certified, a subset of the putative class members here will have their claims resolved in the *Nygren* action. Alternatively, given the similarity between the "parties, property, transaction and events" in this matter and the *Nygren* action, if class certification is denied in the *Nygren* action, no class could be certified in this case either. In either case, there is simply no reason to force HP to defend simultaneously against two substantially similar putative class action lawsuits filed on behalf of an overlapping putative class, or to waste valuable litigation and judicial resources on this case. Accordingly, the Court should stay all proceedings in this matter pending a class certification decision in the *Nygren* action.

## I.  BACKGROUND

### A.  The First-Filed *Nygren* Action

On November 14, 2007, the *Nygren* action was initiated on behalf of Nathan Nygren although additional named plaintiffs were added in subsequent amended complaints. In the operative Second Amended Complaint in the *Nygren* action, the *Nygren* plaintiffs alleged that certain HP notebook computers contain a "heat-cycling" defect that, after a period of time, prevented them from wirelessly accessing the internet. *See* Declaration of Kristofor T. Henning ("KTH Dec."), Ex. A (*Nygren* Pls.' Second Amended Complaint ("SAC")) ¶¶ 1, 20, 25, 27, 34, 54, 63. The *Nygren* action is filed on behalf of a putative nationwide class that includes "[a]ll persons and entities in the United States who, since August 1, 2006, purchased HP Pavilion Series 6000 and 9000 and Presario Series 6000 notebook computers also referred to as the DV6000, V6000 and DV9000 series of computers." *Nygren* Pls.' Class Certification Brief at 3. The *Nygren* plaintiffs asserted claims for breach of warranty and for violation of the California Unfair Competition Law ("UCL"), Consumer Legal Remedies Act ("CLRA") and False Advertising Law ("FAL"). *See* KTH Dec., Ex. A, SAC ¶¶ 26-65. In May 2009, however, this Court dismissed all of the *Nygren* plaintiffs' claims except their claim that HP violated the "unfair" prong of the UCL. *See* KTH Dec., Ex. B (May 28, 2009 Opinion) at 11-12. A hearing on the *Nygren* plaintiffs' motion for class certification currently is scheduled for June 14, 2010.[1]

### B.  The Later-Filed *Decker* Action

Plaintiff filed this matter on January 22, 2009—more than fourteen months following initiation of the *Nygren* lawsuit—on behalf of "[a]ll other persons in the Unites States who purchased or acquired the following HP laptops: HP Pavilion dv2000 Series, all models; HP Pavilion dv6000 Series, all models; HP Pavilion dv9000 Series, all models; HP Pavilion tx1000 Series, all models; Compaq Presario V3000 Series, all models; and Compaq Presario V6000 Series, all models; and any other similar model laptop computers."[2] *See* KTH Dec., Ex. B

---

[1] In addition to opposing class certification in the *Nygren* action, HP has moved for summary judgment against the *Nygren* plaintiffs. The hearing on HP's motion for summary judgment is also currently scheduled for June 14, 2010.

[2] On February 25, 2009, this Court found *sua sponte* that *Decker* is related and should be consolidated as part of the NVIDIA GPU Litigation docketed at No. 08-04312-JW. Upon

1  (*Decker* Complaint) ¶ 53. Therefore, the putative *Decker* class largely is coextensive with the
2  putative *Nygren* class.

3  On March 23, 2009, Plaintiff filed an administrative motion to relate her lawsuit to the
4  *Nygren* action. According to Plaintiff, she was unaware of the *Nygren* matter when she filed her
5  action but, presumably, would have filed a Notice of Related Case had she been aware. KTH
6  Dec., Ex. C (*Decker* Administrative Motion to Relate) at 1. On June 5, 2009, the Court denied
7  Plaintiff's motion on the grounds that the matters already were pending before the same Court, so
8  relationship under L.R. 3-12(a) was not necessary, and because *Nygren* was more advanced
9  procedurally. KTH Dec., Ex. D (June 5, 2009 Order Denying Administrative Motion to Relate
10 Cases) at 1-2. In doing so, however, the Court acknowledged the "overlapping issues between
11 the two cases." *Id.* at 1. Indeed, a comparison of the Second Amended Complaint in the *Nygren*
12 action and Plaintiff's surviving claims[3] in this case reveals the overlap between the two matters,
13 including the core allegation that many of the same putative class models experience failing
14 wireless capability allegedly evidenced by an inability to detect wireless networks and the Device
15 Manager's inability to detect the wireless adapter. *Compare* KTH Dec., Ex. A, SAC ¶¶ 19-65;
16 Section XII *with* KTH Dec., Ex. C, ¶¶ 15-109. Indeed, in her motion to relate, Plaintiff stated her
17 position that this action and the *Nygren* action involve "substantially the same parties, property,
18 transaction [and] event[s]." KTH Dec., Ex. C at 1.

19 **II. ARGUMENT**

20 **The Court Should Stay All Proceedings In This Matter Pending A Class Certification Decision In The *Nygren* Action Under The First-Filed Rule To Avoid A Needless Waste Of Judicial And Litigation Resources.**
21

22 "The power to stay proceedings is incidental to the power inherent in every court to
23 control the disposition of the causes on its docket with economy of time and effort for itself, for

---

Plaintiff's motion for reconsideration, the Court unconsolidated *Decker* from the NVIDIA GPU Litigation on April 10, 2009. *See* Docket No. 11.
[3] On June 19, 2009, the Court dismissed Plaintiff's deceit by concealment and warranty by description claims in their entirety, and also dismissed Plaintiff's claims under the unfair and fraudulent prongs of the Unfair Competition Law ("UCL") and each of Plaintiff's claims for violations of the California Consumer Legal Remedies Act ("CLRA") with the exception of her CLRA Section 1770(a)(14) claim. While the Court granted Plaintiff leave to file a First Amended Complaint, she declined to do so by the Court-imposed deadline.

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).[4] Under this reasoning and the first-filed rule, courts routinely stay later filed class actions involving putative class members and substantive allegations that overlap with an earlier filed action pending a class certification decision in that earlier filed matter in order to avoid a needless waste of litigation and judicial resources. *See, e.g.*, *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (outlining first-filed rule's applicability to later filed litigation with similar parties and issues as earlier filed action); *see also Weinstein v. MetLife, Inc.*, No. 06-04444, 2006 WL 3201045, at *5 (N.D. Cal. Nov. 6, 2006) (staying second-filed class action where issues and parties overlapped); *Advanced Internet Tech. v. Google, Inc.*, No. C-05-02579, 2006 WL 889477, at *2 (N.D. Cal. Apr. 5, 2006) (granting motion to stay later filed class action in favor of earlier filed matter); *Peak v. Green Tree Fin. Serv. Co.*, No. C00-953, 2000 WL 973685, at *2-3 (N.D. Cal. July 7, 2000) (dismissing second filed-class action where earlier-filed class action involved overlapping parties and issues). The same result follows here.

In its decision regarding Plaintiff's motion to relate her case to the *Nygren* matter, the Court already has concluded that "there may be overlapping issues between the two cases." *See* KTH Dec., Ex. D at 1. Plaintiff herself has argued that both actions "involve substantially the same parties, property, transaction [and] event" because, among other reasons, "both actions . . . allege that HP designed, manufactured, and sold defective laptop computers for both business and consumer use due to a defective wireless card/device for the purpose of detecting wireless networks and signals which cause common defects." KTH Dec., Ex. C at 2.[5] Thus, if the *Nygren* plaintiffs' motion for class certification is granted, many of the putative *Decker* class members' claims will be resolved through that lawsuit.[6] If, on the other hand, class certification is denied in

---

[4] "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Church of Scientology of Cal. v. U.S. Dep't of Def.*, 611 F.2d 738, 750 (9th Cir. 1979); *see also Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).
[5] The first-filed rule in the class action context focuses on the nature of the putative classes at issue – not the difference in named plaintiffs. *See Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (citation omitted).
[6] HP, of course, does not believe class certification is appropriate in the *Nygren* action and has argued as much in its opposition to the *Nygren* plaintiffs' motion for class certification.

the *Nygren* action – given the similarities between the cases – no class could be certified in this matter. Either way, there is no justifiable reason to waste the litigants' or the Court's resources by forcing HP to defend two virtually identical lawsuits filed in the same court at the same time.

### III.  CONCLUSION

The Court should stay all proceedings in this matter pending a class certification decision in the *Nygren* action.

Dated: June 10, 2010                                    MORGAN, LEWIS & BOCKIUS LLP


By: /s/ Kristofor T. Henning
    Attorneys for Hewlett-Packard Co.

HOWARD HOLDERNESS (SBN 169814)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
E-mail: hholderness@morganlewis.com

KRISTOFOR T. HENNING (PAB 85047)
(*Pro Hac Vice*)
FRANCO A. CORRADO (PAB 91436)
(*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001
E-mail: khenning@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHERINE E. DECKER, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br>     v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>          Defendant. | Case No. 09-00295 JW<br><br>**[PROPOSED] ORDER GRANTING HEWLETT-PACKARD COMPANY'S MOTION TO STAY ALL PROCEEDINGS**<br><br>Before:     Honorable James Ware<br>Courtroom: No. 8, 4th Floor<br>              San Jose<br><br>Action Filed:     January 22, 2009 |

[PROPOSED] ORDER                                                    CASE NO. 09-00295 JW

After consideration of Defendant Hewlett-Packard Company's ("HP's") Motion to Stay All Proceedings:

IT IS HEREBY ORDERED THAT the Motion is GRANTED and all proceedings in this matter are stayed pending a decision on the plaintiffs' motion for class certification in *Nygren v. Hewlett-Packard Co.* (No. 07-5793 JW).

Dated: _____, 2010.

_____
JAMES WARE
United States District Judge